# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COMMODITY FUTURES TRADING COMMISSION,**

       **Plaintiff,**

v.                               Case No:   6:18-cv-1607-Orl-31GJK

**RONALD MONTANO, MONTANO ENTERPRISES, LLC and MICHAEL WRIGHT,**

       **Defendants.**

## ORDER

This Matter comes before the Court on Defendant Ronald Montano's Motion for Judgment on the Pleadings (Doc. 67) and the Commodity Futures Trading Commission's ("CFTC") Response (Doc. 78).

### I. Background

The Complaint alleges that, between September 2013 and December 2016, Montano (along with co-defendant Montano Enterprises)[1] acted as an affiliate marketer and commodity trading advisor ("CTA") and "fraudulently solicited millions of prospective customers to open and fund illegal, off-exchange binary options trading accounts through websites operated by unregistered binary options brokers." Compl. ¶ 1. Montano allegedly conducted at least thirty-five such fraudulent marketing campaigns. *Id.* Prospective customers were advised to open and fund binary options accounts in order to obtain access to "automated trading software that purported to generate

---
[1] The following facts are alleged against both Montano and Montano Enterprises. Since the instant Motion deals only with Montano, the Court does not discuss Montano Enterprises.

astronomical profits with no risk of loss." *Id.* ¶ 2. The materials for the marketing campaign made false and misleading statements about the software. For example, they included fake accounts showing consistent profits and no losses, individuals pretending to have profited by using the software, and false representations of actual automated binary options trading and results using the software. *Id.* The marketing campaigns succeeded, and at least 10,000 customers deposited sums amounting to over $2.5 million in order to initially fund their accounts, which each required a minimum deposit of $250. *Id.* ¶ 4. For each customer that viewed one of the online marketing campaigns and opened and funded a binary options account, Montano received between $250-350. *Id.* ¶ 5. Montano also earned commissions from distributing solicitations that included other materially false or misleading statements made by affiliate marketers. *Id.* The CFTC claims that Montano's actions violated the Commodity Exchange Act and accompanying regulations. *Id.* ¶ 8.

There are four counts pled in the Complaint: Count I alleges options fraud; Count II alleges CTA fraud; Count III alleges fraudulent advertising; and Count IV alleges unlawful use of a manipulative and deceptive device, scheme, or artifice.[2]

**II. Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).

Where a complaint contains claims of fraud or mistake, however, Rule 9(b) imposes a heightened pleading standard, requiring that the circumstances constituting fraud be stated with particularity. *See Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1381 (11th Cir. 1997).

---

[2] Montano refers to this as swaps fraud.

This particularity requirement is satisfied if the complaint alleges "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1223 (11th Cir. 2012) (quoting *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009) ). Alternative means can also satisfy Rule 9(b), provided that the circumstances of the alleged fraud are pleaded with particularity.

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002) (internal quotations omitted). Thus, the standard of review for a motion for judgment on the pleadings is almost identical to that used to decide motions to dismiss. *Doe v. Board of County Comm'rs, Palm Beach County, Fla.*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992). Thus, when considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the non-movant. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

### III. Analysis

#### a. Shotgun Pleading

Montano first argues that the Complaint is an impermissible shotgun pleading, and thus, he is entitled to judgment on the pleadings.[3] In support of his contention, he points to the opening

---

[3] The Court notes that Montano may well have waived his arguments as to the shotgun nature of the Complaint when he declined to file a 12(b)6 Motion and instead moved for judgment on the pleadings. As stated by the CFTC, Montano's ability to file an answer indicates that the Complaint put Montano on notice of the claims against him. Wright & Miller distinguish the Motion for Judgment on the Pleadings from the 12(b) Motion, explaining that

> With the exception of certain applications of the Rule 12(b)(6) motion, a Rule 12(b) motion to dismiss is directed solely towards procedural defects or the statement of the plaintiff's claim for relief and does not seek to determine the substantive merits of the controversy. The granting of a Rule 12(b) motion typically merely means that

paragraph of each count in the Complaint: "[t]he allegations in the foregoing paragraphs are incorporated by reference as if fully set forth herein." It is true that this sort of repetition is a hallmark of shotgun pleading. However, the headings and content of each count are more than sufficient to put Montano on notice of the claims against him. The allegations are clearly organized by topic. While the opening paragraph in each count is problematic, it does not render it impossible to know which allegations of fact are intended to support which claims for relief. The Complaint is long, but the facts are complex. The Complaint is adequately pled.

### b. Sufficient Particularity in Counts that Sound in Fraud (All Counts)

Montano argues that that the Complaint fails to plead its fraud counts with sufficient particularity under Rule 9(b). All four of the fraud counts are sufficiently pled. While the Complaint does not allege the exact time and location of the fraud, under the circumstances, it is pleaded with enough particularity to satisfy the heightened standard. Details about the name, relevant time period, type of false statement, who created the statements, and how those statements were delivered are all provided. The CFTC need not prove fraud at this stage; alleging it with particularity is enough.

### c. Status as a Mere Advertiser (All Counts)

Montano next contends that "the CFTC cannot state claims against a mere advertiser." Doc. 67 at 7. In support of his argument, he cites to an Eleventh Circuit case, *CFTC v. Mass Media Marketing*, that affirmed a district court decision holding that "the CFTC may not validly enforce

---

the plaintiff has failed to satisfy one of the procedural prerequisites for asserting his claim for relief. A motion for judgment on the pleadings, however, theoretically is directed towards a determination of the substantive merits of the controversy; thus, federal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1369 (3d ed.).

its anti-fraud regulation against Advertisers." *Commodity Futures Trading Comm'n v. Mass Media Mktg., Inc.*, 297 F.3d 1321, 1322 (11th Cir. 2002). As the CFTC points out, *Mass Media* "does not apply to the CTA and advertising fraud claims because there is no requirement that such violations occur 'in connection with' an offer, the entry of, or confirmation of a commodity transaction." Doc. 76 at 18.

Also, in that case, the actions of the advertisers "never involved the making of an offer to enter into a commodity transaction or assisting customers in carrying out such transactions." *Id.* at 1326. Instead, the defendants simply ran general advertisements, and if prospective customers responded, the defendants would sell their contact information to brokers. Here, Montano offered automated commodity interest Trading Systems. Montano allegedly targeted particular email addresses with his solicitations, and follow-up emails were sent when prospective customers failed to open a trading account. Montano was paid when customers he solicited opened and funded an account using the Trading Systems.

### d. Options Fraud (Count I)

With respect to Count I, Montano contends that the CFTC failed to successfully plead options fraud, because it "fails to allege that Montano was the one who conducted transactions involving binary options" and "makes clear that" intermediaries did instead. Doc. 67 at 9. Montano claims that "the Act's prohibitions regarding fraud in connection with commodity options apply only to persons who 'offer to enter into, enter into, or confirm the execution of, any transaction' involving commodity options." Doc. 67 at 9 (quoting 7 U.S.C. § 6c(b)). In support of his proposition, Montano again cites to *CFTC v. Mass Media Marketing*. However, *Mass Media* is factually distinguishable, as discussed above. The Complaint states that Montano "used fraudulent solicitations . . . promising free access to Trading Systems . . . to induce prospective customers to

open and fund a binary options trading account." Doc. 1 ¶ 117. According to the Complaint, these fraudulent solicitations were in or in connection with the offer of Trading Systems. The Trading Systems are claimed "to automatically trade on behalf of customers." Doc. 76 at 16.

The CFTC acknowledges that they have "not alleged that Montano personally entered, executed, or cleared any binary options transactions," but argues that "such allegations are not necessary to establish the solicitation fraud violations at issue." Doc. 76 at 16. The Court agrees. Drawing all inferences in favor of the non-movant, Montano's fraudulent solicitations in connection with the offer of trading systems, which automatically traded on behalf of customers, along with the other allegations in Count I of the Complaint, are sufficient to state a claim for Options Fraud.

### e. Montano as a CTA (Counts II and III)

Montano argues that Counts II and III fail because the CFTC "does not allege that Montano advis[ed] anyone as to the value of or desirability of trading in any particular swap or commodity option." Doc. 67 at 10. However, as the CFTC points out, the Complaint alleges that Montano made and distributed campaign solicitations advising customers on the value and advisability of trading in binary options and using the Trading Systems with recommended brokers, and that he was compensated for doing so. Doc. 76 at 11. The Act's definition of a Commodity Trading Advisor includes "any person who, for compensation or profit, and engages in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in [contract of sale of a commodity for future delivery, security futures product, or swap]." 7 U.S.C. § 1a(12)(A). The CFTC has sufficiently pled that Montano's actions fit within that definition.

### f. Swaps Fraud (Count IV)

Montano contends that the Act's prohibitions on swaps fraud to not apply to him, because he did not engage in market manipulation. Doc. 67 at 10. However, Section 9(1) plainly prohibits the use or attempted use of "any manipulative or deceptive device or contrivance" when used "in connection with any swap or contract of sale of any commodity in interstate commerce." 7 U.S.C. § 9(1). The CFTC need not allege that Montano manipulated the market in order to state a claim for swaps fraud; it has adequately stated a claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, the Defendant's Motion for Judgment on the Pleadings (Doc. 67) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 17, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party